UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEJAH GLENDZA,<br>Petitioner,<br>v.<br>WARDEN,<br>Respondent. | CAUSE NO. 3:26-CV-1572-CCB-SJF |

**OPINION AND ORDER**

Immigration detainee Dejah Glendza, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. (ECF 1.)

Mr. Glendza is a citizen of Montenegro who entered the United States on a temporary visitor visa in April 2024. (ECF 9-1 at 6.) He did not leave when the visa expired in October 2024 and instead remained in the United States. (*Id.*) In August 2026, he came to the attention of immigration officials when he was stopped by law enforcement in Indiana while driving a commercial vehicle. (*Id.* at 9.) In August 2026, he was taken into custody by Immigration and Customs Enforcement (ICE) agents in Indiana pursuant to an administrative warrant and removal proceedings were initiated against him. (*Id.* at 9-10, 27.) He was then transferred to Miami Correctional Facility, where he is being held pending the conclusion of his removal proceedings. (ECF 1 at 2.)

In September 2026, Mr. Glendza had a custody redetermination hearing before an immigration judge; the judge denied bond, concluding that he posed a flight risk. (ECF 9-1

at 9-10.) Mr. Glendza did not pursue an appeal of that ruling to the Board of Immigration Appeals (BIA). On October 13, 2026, the immigration judge granted his request for voluntary departure, with a departure date of November 13, 2026, and entered an alternate order of removal if he does not depart by that date.[1] (ECF 9-1 at 2.) A few days later, he retained new counsel and filed a motion to reopen, arguing that he did not fully understand the proceedings and did not intend to agree to voluntary departure. (ECF 1-2.) Mr. Glendza argues in his petition that the government's refusal to release him on bond is unlawful. He seeks an order requiring that he be immediately released from custody or granted other relief the court deems proper. (ECF 1 at 5-6.)

In an order to show cause, the court directed the Warden to address the petition in light of *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026), and other cases concluding that the detention of noncitizens who are arrested within the interior of the United States is governed by 8 U.S.C. § 1226(a) rather than 8 U.S.C. § 1225(b)(2). (ECF 2.) The parties were instructed only to brief "what is different or new, not what has been decided, and those issues particular to this petitioner." (*Id.* at 4.) The Warden filed an answer (ECF 9), and Mr. Glendza filed a reply (ECF 10).

As noted in the order to show cause, the Seventh Circuit recently joined a number of other courts in holding that "[a]liens present in the country without admission and not 'seeking admission' fall under Section 1226, not Section 1225(b)(2)(A), and are eligible for

---

[1] Under applicable regulations, the order of removal would become administratively final "upon overstay of the voluntary departure period" if no appeal is filed. *See* 8 C.F.R. § 1241.1(f). To the extent he is arguing in his petition or traverse that the alternate removal order entered by the immigration judge is defective, the court has no authority to consider such an argument. *See* 8 U.S.C. § 1252(a)(5), (b)(9).

bond hearings subject to the INA's other requirements."[2] *Cirrus Rojas,* 183 F.4th at 915; *see also De Jesús Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025); *Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.). In light of this decision, the Warden concedes that Mr. Glendza's detention is governed by 8 U.S.C. § 1226, the "default rule" for detention of noncitizens who are "already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). (ECF 9.) The Warden nevertheless argues that Mr. Glendza did not exhaust his administrative remedies related to a bond request. (*Id* at 2.) Mr. Glendza counters that exhaustion should be excused under the circumstances. (ECF 10.)

The "general rule" is that parties must "exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) (superseded by statute on other grounds). "[E]xhaustion of administrative remedies is not statutorily mandated" in cases brought under § 2241. *Gonzalez v. O'Connell*, 355 F.3d 1010,

---

[2] A different panel of the Seventh Circuit concluded last year in ruling on a stay motion that the government was unlikely to succeed on its argument that the mandatory detention provision in § 1225(b)(2) applies to noncitizens arrested by ICE in the interior of the United States. *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025). A split panel subsequently affirmed the judgment of the district court in part, but there was no majority consensus on the issue of whether 8 U.S.C. § 1225(b)(2) permits the mandatory detention of all noncitizens present in the United States without legal status. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828 (7th Cir. 2026). One judge rejected the government's interpretation and another adopted it, while the third judge concluded there was no basis to reach that issue. *Id.* The First, Second, Third, Fourth, Sixth, Ninth, Tenth, and Eleventh Circuits have rejected the government's interpretation of § 1225(b)(2), whereas the Fifth and Eighth Circuits have approved it. *See Guerrero Orellana v. Moniz*, 188 F.4th 1 (1st Cir. 2026); *Buele Morocho v. Warden*, 189 F.4th 287 (3d Cir. 2026); *Lopez Garcia v. Guadian*, 190 F.4th 305 (4th Cir. 2026); *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026); *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden*, 175 F.4th 1258 (11th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). The Supreme Court recently granted certiorari in the Second Circuit case. *Rhoney v. Barbosa da Cunha*, No. 26-104, 2026 WL 2942994 (U.S. Oct. 1, 2026).

1016 (7th Cir. 2004) (citation omitted). Therefore, whether to require exhaustion is a matter of "sound judicial discretion." *Id.* The court may require administrative exhaustion in § 2241 cases challenging a noncitizen's detention as a matter of judicial economy or administrative comity, but "individual interests demand that exhaustion be excused when . . . appealing through the administrative process would be futile because the agency . . . has predetermined the issue." *Id.* (citation omitted).

Mr. Glendza argues that it would be futile for him to pursue an appeal, but in light of the Seventh Circuit's recent opinion in *Cirrus Rojas*, futility is no longer reasonable to presume. The Warden concedes that he is entitled to an individual custody redetermination under *Cirrus Rojas*, and principles of judicial estoppel would limit the government's ability to advance a different position before the BIA. *See Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006). Without knowing whether he can obtain relief through an appeal to the BIA, it would be premature to grant him habeas relief.[3] *See Kane v. Zuercher*, 344 F. App'x 267, 269 (7th Cir. 2009).

Mr. Glendza also suggests that it would be unfair to require exhaustion because the government kept him detained for a month before affording him a bond hearing. (ECF 10.) However, the purpose of a habeas corpus action is not to compensate the petitioner for a

---

[3] When he filed the petition, he was still within the deadline for filing an appeal of the bond determination. *See* 8 C.F.R. § 1003.38(b); *see also Amica Ctr. for Immigrant Rts. v. Exec. Off. for Immigr. Rev.*, 822 F. Supp. 3d 119 (D.D.C. Mar. 8, 2026). He states that he is now beyond the deadline, but even if this is true, there is a remedy available within the agency for seeking an untimely appeal. *Matter of Morales-Morales*, 28 I&N Dec. 714, 717 (BIA 2023) ("[T]he Board has authority to accept what are otherwise untimely appeals."). His decision to sit on his appeal rights because he thought it futile does not warrant dispensing with the exhaustion requirement. *See Kane v. Zuercher*, 344 F. App'x 267, 269 (7th Cir. 2009) (declining to excuse § 2241 habeas petitioner from exhausting and observing that he "[u]ntil he asks, we cannot know whether [the agency] may yet be able to grant some relief").

past injury or punish the respondent for wrongdoing; it is solely to determine whether the petitioner's current detention is lawful. *See* 28 U.S.C. § 2241; *see also U.S. ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923) ("A writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody[.]") (internal quotation marks omitted), *limited on other grounds by I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984). Mr. Glendza was provided with a bond hearing, and he has an additional avenue of relief available through an appeal to the BIA. The appropriate course is to require him to exhaust a request for bond within the agency. If he does not obtain relief through the administrative process, he is free to file a new petition.

For these reasons, the petition (ECF 1) is **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion. The clerk is **DIRECTED** to enter final judgment and to close this case.

SO ORDERED on November 10, 2026.

*/s/ Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT